UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KALDREN LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARINETTE MARINE CORPORATION, <br><br> Defendant. | No. 1:17-cv- <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Kaldren LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

### THE PARTIES

1. Plaintiff Kaldren LLC is a Texas limited liability company with a principal office at 555 Republic Drive, Suite 289, Plano, Texas 75074-5481.

2. Defendant Marinette Marine Corporation is a Wisconsin corporation with a regular and established place of business at 1600 Ely Street, Marinette, Wisconsin 54143-2434. Defendant may be served with process at: G&K Wisconsin Services LLC, 780 North Water Street, Milwaukee, Wisconsin 53202-3590.

### JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial District; and (iii) Defendant regularly solicits business, engages in other persistent courses of

conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1400(b).

## THE PATENTS-IN-SUIT

7. On August 8, 2000, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,098,882 ("the 882 Patent"), entitled "Variable Formatting of Digital Data Into a Pattern." A true and correct copy of the 882 Patent is attached at Exhibit A.

8. On January 23, 2001, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,176,427 ("the 427 Patent"), entitled "Variable Formatting of Digital Data Into a Pattern." A true and correct copy of the 427 Patent is attached at Exhibit B.

9. On November 23, 2004, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,820,807 ("the 807 Patent"), entitled "Variable Formatting of Digital Data Into a Pattern." A true and correct copy of the 882 Patent is attached at Exhibit C.

10. On October 9, 2012, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,281,999 ("the 999 Patent"), entitled "Variable Formatting of Digital Data Into a Pattern." A true and correct copy of the 999 Patent is attached at Exhibit D.

11. The 882, 427, 807, and 999 Patents are presumed valid under 35 U.S.C. § 282(a).

12. Plaintiff is the owner and assignee of all substantial rights, title, and interest in the 882, 427, 807, and 999 Patents.

## THE ACCUSED PRODUCT

13. Defendant makes and uses (including testing by Defendant) one or more products that infringe one or more claims of the 882, 427, 807, and 999 Patents.

14. Defendant's Accused Product is its Quick Response ("QR") Codes that it uses with its products and services.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,098,882

15. Plaintiff incorporates by reference each of its foregoing allegations.

16. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes at least Claims 1, 48, and 51–55 of the 882 Patent in this District and throughout the United States, literally or under the doctrine of equivalents, by making and/or using (including testing) its Accused Product as shown in Exhibit E.

17. Claims 1, 48, and 51–55 are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

18. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes at least Claims 1, 48, and 51–55 upon a plain reading of this Complaint, the 882 Patent, and Claims 1, 48, and 51–55.

19. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

20. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes at least Claims 1, 48, and 51–55 of the 882 Patent.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,176,427

21. Plaintiff incorporates by reference each of its foregoing allegations.

22. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes at least Claim 26 of the 427 Patent in this District and throughout the United States, literally or under the doctrine of equivalents, by making and/or using (including testing) its Accused Product as shown in Exhibit F.

23.     Claim 26 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

24.     A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes at least Claim 26 upon a plain reading of this Complaint, the 427 Patent, and Claim 26.

25.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts it provides with this Complaint.  The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

26.     Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes at least Claim 26 of the 427 Patent.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,820,807

27.     Plaintiff incorporates by reference each of its foregoing allegations.

28.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes at least Claim 20 of the 807 Patent in this District and throughout the United States, literally or under the doctrine of equivalents, by making and/or using (including testing) its Accused Product as shown in Exhibit G.

29.     Claim 20 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

30.     A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes at least Claim 20 upon a plain reading of this Complaint, the 807 Patent, and Claim 20.

31. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

32. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes at least Claim 20 of the 807 Patent.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,281,999

33. Plaintiff incorporates by reference each of its foregoing allegations.

34. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes at least Claims 1, 4, 5, and 8 of the 999 Patent in this District and throughout the United States, literally or under the doctrine of equivalents, by making and/or using (including testing) its Accused Product as shown in Exhibit H.

35. Claims 1, 4, 5, and 8 are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

36. A person of ordinary skill in the art understands Plaintiff's theories of how Defendant's Accused Product infringes at least Claims 1, 4, 5, and 8 upon a plain reading of this Complaint, the 999 Patent, and Claims 1, 4, 5, and 8.

37. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do

not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

38. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes at least Claims 1, 4, 5, and 8 of the 999 Patent.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Judgment that Defendant has directly infringed the 882, 427, 807, and 999 Patents under 35 U.S.C. § 271(a);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E. Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(a).

Dated: July 5, 2017                                  Respectfully submitted,

OF COUNSEL:
Peter J. Corcoran, III
**CORCORAN IP LAW, PLLC**                            */s/*___Mary K. Schulz_____
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291                                  *Counsel for Plaintiff*
Email: peter@corcoranip.com                          *Kaldren LLC*

Mary K. Schulz
Media Litigation Firm, P.C.
1144 E. State Street, Suite A260
Geneva, IL 60134
312.213-7196
medialitigationfirm@gmail.com